**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Court File No.: 00-CV-689 (JRT/RLE)

Vickey Jean Johnson,

Plaintiff,

vs.

**STIPULATION AND ORDER FOR RULE 35 EXAMINATION**

Wal-Mart Stores, Inc.,

Defendant.

**WHEREAS**, Plaintiff Vickey Jean Johnson, has filed a Complaint against Defendant Wal-Mart Stores, Inc. alleging physical and emotional injuries relating to her employment with Wal-Mart;

**WHEREAS**, the parties agree that Plaintiff has put her physical and mental condition in controversy as defined under Rule 35 of the Federal Rules of Civil Procedure and that therefore Defendant is entitled to conduct an Independent Medical Examination ("IME") of Ms. Johnson;

**WHEREAS**, Ms. Johnson no longer lives in the District of Minnesota but acknowledges that she is obligated to attend an IME in this District, where her Complaint was filed;

**WHEREAS**, Ms. Johnson currently does not have sufficient financial resources to pay the cost of air travel to attend her IME;

**WHEREAS**, the parties agree that time is of the essence with respect to the completion of Ms. Johnson's IME;

**WHEREAS**, Wal-Mart has agreed to advance the cost of the airline travel for Ms. Johnson to attend her IME;

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

12

**WHEREAS**, Ms. Johnson acknowledges and admits that she is financially responsible for this cost.

**NOW THEREFORE**, the parties, by and through their respective counsel, hereby stipulate and agree as follows:

1. Ms. Johnson shall attend her IME on March 16, 2001 with Dr. Zuehlke;

2. Defendant Wal-Mart shall arrange Ms. Johnson's airline transportation to attend the IME scheduled on March 16, 2001;

3. Ms. Johnson is unconditionally obligated to reimburse Wal-Mart for the costs of this airline travel;

4. Ms. Johnson unconditionally agrees that the cost of the airline travel shall be a recoverable cost to Defendant Wal-Mart should it prevail in this action;

5. Should Ms. Johnson fail to attend her IME scheduled for March 16, 2001 unless the reason for her non-attendance is completely beyond her control, or fail to cooperate in the completion of the same, she hereby authorizes this Court to enter an order of contempt mandating that she immediately reimburse Wal-Mart for the entire cost of her airline travel and for the Court to reestablish a new date for her IME for which she will be obligated to attend and for which Wal-Mart will have no obligation or responsibility for advancing the costs to secure her attendance.

Dated: 3-8-01

**LORI PETERSON & ASSOCIATES**

By:____________________
Lori Peterson (#212490)
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 321-0606

**ATTORNEY FOR PLAINTIFF VICKEY JEAN JOHNSON**

Dated: 3/8/01

**BRIGGS AND MORGAN, P.A.**

By:____________________
Jason M. Hedican (#271548)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**WAL-MART STORES, INC.**

Linda A. Whittaker, Esq.
Senior Corporate Litigation Counsel
Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, AK 72716-8313
(501) 273-4505

**ATTORNEYS FOR DEFENDANT WAL-MART STORES, INC.**

**ORDER**

**IT IS SO ORDERED.**

By the Court

____________________
Raymond L. Erickson
United States Magistrate Judge

Dated: March 13th, 2001
At Duluth, Minnesota

1260038v1