**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

Court File No.: 00-CV-689 (JRT/RLE)

VICKEY JEAN JOHNSON,

Plaintiff,

vs.

**PROTECTIVE ORDER**

WAL-MART STORES, INC.,

Defendant.

Upon motion of the Defendant for a *Protective Order*, upon good cause shown, and pursuant to Rule 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE,

IT IS HEREBY ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. ***Classified Information*** as used herein means any information of any type, kind or character that is designated as "Confidential" or "For Counsel Only" or "Produced Pursuant to Protective Order" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information Confidential or For Counsel Only, or Produced Pursuant to Protective Order, a party will make such designation only as to the information which it, in good faith, believes contains confidential information. Information or material that is available to the public shall not be classified.

FILED JUN 28 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(13) (14)

3. *Qualified Persons* as used herein means:

a. Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for the purposes of this litigation.

b. Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of Confidential or For Counsel Only or Information to such person, and who have signed a document in the form of Exhibit A attached hereto (such signed document to be filed with the clerk of this court by the attorney retaining such person).

c. If this court so elects, any other person may be designated as a Qualified Person by order of this court, after notice and hearing to all parties.

4. Documents containing Classified Information produced in this action may be designated by any party or parties as Classified Information by marking each page of the document(s) so designated with a stamp stating Confidential or For Counsel Only or Produced Pursuant to Protective Order.

5. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in paragraphs 3(a) and 3(b) above.

6. A party shall not be obligated to challenge the propriety of a designation as Classified Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as Classified Information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this *Protective Order* by objection in writing to the party who has designated the

document or Confidential or For Counsel Only or Produced Pursuant to Protective Order. The designating party shall be required to move the court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this *Protective Order*.

7. Nothing shall be designated as For Counsel Only information, except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing of designating party, and which includes as a major portion, subject matter that is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as Classified Information, if it is information that either:

a. is in the public domain at the time of disclosure, as evidenced by a written document;

b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

d. that the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

8. In the event a party wishes to use any information protected by this Protective Order in any affidavits, briefs, memoranda of law, or other papers filed in court in this litigation, such Classified Information used therein shall be filed under seal with the court.

9. The clerk of the court is directed to maintain under seal, all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the court in this litigation that have been designated, in whole or in part, as Classified Information by a party to this action.

10. Unless otherwise agreed to in writing by the parties or ordered by the court, all proceedings involving or relating to documents or any other information shall be subject to the provision of this order.

11. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under paragraphs 3(a) through 3(d) shall be returned to the producing party, except as this court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered into this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except:

a. that there shall be no restriction on documents that are used as exhibits in court unless such exhibits were filed under seal; and

b. that a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of such protective orders.

12. This order shall not bar any attorney herein in the course of rendering advice to his/her client with respect to this litigation from conveying to any party/client his/her evaluation in a general way of

Confidential or For Counsel Only information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential or For Counsel Only information produced by another party herein, which disclosure would be contrary to the terms of this *Protective Order.*

13. Any party designating any person as a Qualified person shall have the duty to reasonably ensure that such person observes the terms of this *Protective Order* and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this *Protective Order.*

SIGNED AND ENTERED this 22 day of June, 2001.

JUN 28 2001

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

STIPULATED AND AGREED TO:

By: ______________________
Lori Peterson
Lori Peterson & Associates
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 321-0606

Attorney for Plaintiff

By: Linda A. Whittaker by JMH
Linda A. Whittaker
Senior Corporate Litigation Counsel
Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, AR 72716-8313
(501) 273-4505

Attorney for Defendant

BRIGGS AND MORGAN, P.A.

By: ______________________
Jason M. Hedican (#271548)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

ATTORNEY FOR DEFENDANT

**EXHIBIT "A"**

The undersigned hereby acknowledges that he or she has read the Protective Order dated ________________, 2001, entered in the case of ***Vickey Jean Johnson v. Wal-Mart Stores, Inc.***, Court File No. 00-CV-689 (JRT/RLE); understands the terms thereof; and agrees to be bound by those terms as if a signatory thereto. The undersigned further understands that violation of the Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law.

________________________
(date)

________________________________
(Signature)

________________________________
Name (Print)

Business address:

________________________________

________________________________

________________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE.***

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.